### Bill Denny v. The State.

No. 3888.   Decided November 20, 1907.

**Disturbing Religious Worship—Charge of Court—Insufficiency of Evidence—Principals.**

Where upon trial for disturbing religious worship the evidence was circumstantial, and failed to show that defendant acted with or encouraged those who were disturbing a religious congregation, or at least raised this issue, the court should have charged that defendant must have engaged in such disturbance, or have acted with or encouraged those who did do so.

Appeal from the County Court of Titus.   Tried below before the Hon. Seb. F. Caldwell.

Appeal from a conviction of disturbing religious worship; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges "a wilful disturbance of religious worship" by loud talking and discharging and firing off a pistol, and by congregating with others around a jug of intoxicating liquors near the house where the hereinafter mentioned congregation was then and there assembled; and by drinking and misbehaving and cutting up in a rude and disorderly manner, did wilfully disturb a congregation then and there assembled for the purpose of religious worship and for the purpose of conducting a religious prayer meeting and service, which said congregation were then and there conducting themselves in a lawful manner."

The State's case is in substance that on the night in question appellant and a lot of others went near a house where people were assembled for carrying on a prayer meeting service, and after reaching that point, appellant and others congregated around a jug that one of the boys had carried to the designated point. The point where they were assembled around the jug was some thirty or forty steps from the house where the people should have been collected for the prayer meeting service. The State's evidence excludes the idea that at the time they were assembled around the jug that they could have disturbed the people in the house.

A special charge was requested and refused to the effect that the jury could not take this evidence as a basis of a conviction. We believe that appellant's theory of this was correct; that the evidence which fails to show the conduct was calculated to disturb, or did disturb the people, could not be considered as a basis for a conviction. Some of the parties who were in the crowd, went to the house, or near the house subsequently where the people were assembled; two of the witnesses, who testify that they were in the house, stated that they heard talking on the outside of the house of a loud and vulgar character or nature, and that they also heard the shots of a gun or pistol, three in number. The shots were shown to have been fired some thirty or forty steps from the house and in the neighborhood of where appellant and two others were, at the time standing, and that two or more of the supposed disturbers of the religious worship were off a little distance from the three. Near where the three were standing, three shots were fired and the testimony indicates that there was only one party to the shooting, but after the shooting, the parties went back near the house. This is practically the State's case.

The case is one of circumstantial evidence. No witness testified that defendant did anything except as detailed; it is not shown, nor undertaken to be shown that he fired the pistol, or even that it was a pistol, except from circumstances. No witness saw the pistol and no witness saw a gun. While the jury might be warranted in believing that it was a pistol, yet, it was but an inference from the facts. It is contended by appellant that the jury should have been instructed that if the State relied upon the firing of a pistol and disturbing the congregation thereby, that the State must prove it was a pistol, and that if there was a reason-

able doubt of this, for this fact, appellant should have an acquittal. In other words, that this allegation could not form the basis of a conviction unless a pistol was proved.

Appellant also asked an instruction to the effect that before they could convict him as principal in the transaction, that the evidence must show that he either fired the shots or created the other disturbances himself, or that he acted with or encouraged those who were thus disturbing the congregation. This charge was also refused.

We think the contentions of appellant are correct. Of course, if appellant disturbed the congregation by loud talking or by firing a pistol, the State's case would be sustained, but if he did not himself, disturb the people, or aid, encourage, or advise those who did do it, he would not be guilty. These matters were brought directly to the attention of the court by means of the special charges and exceptions reserved to the failure of the court to give them. There is an exception to the court's charge in which the jury were authorized to convict appellant if he was with the crowd around the jug, which is supposed to have contained whisky. The State's evidence excludes the idea that the congregation was disturbed by these people when they were fondling their jug.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.